Mr. Ron Lindsey Commissioner Texas Department of Human Services P.O. Box 149030 Austin, Texas 78714-9030
Re: Authority of the Texas Department of Human Services to extend medicaid coverage to children under age six meeting certain income criteria (RQ-1989)
Dear Mr. Lindsey:
You advise that the U.S. Congress in 1989 adopted amendments to the provisions of section 1396a of title 42 of the United States Code mandating coverage under state medicaid programs receiving federal matching funds of children under age six meeting certain income criteria. Omnibus Budget Reconciliation Act of 1989, Pub.L. No. 101-239. § 6401, 1989 U.S. Code Cong. Admin. News (103 Stat.) 2106, 2258. Prior thereto, federal law required coverage of children under age one. 42 U.S.C. § 1396a(1), amended by Pub.L. No. 101-239, § 6401(a) (approved Dec. 19, 1989). Section 1396a provides inter alia minimum coverage requirements that the "state plans" of participating states must comply with in order for such states to receive federal medicaid matching funds. See also42 U.S.C. § 1396, 1396b(a) (authorizing the U.S. Secretary of Health and Human Services to provide federal matching funds to states having submitted approved state medicaid plans).
Subsection (c) of section 6401 of Public Law 101-239 provides that the amendments made in section 6401 with regard to required medicaid coverage shall apply to payments made by the Secretary of Health and Human Services under the medicaid program on or after April 1, 1990.
You point out that the Texas Legislature in 1989, prior to the adoption of Public Law 101-239, amended section 32.024 of the Human Resources Code by adding a subsection (g)[1] directing the Texas Department of Human Services, the state agency designated to administer the state medicaid program, to set the income eligibility cap for medical assistance for children up to age four at not less than 100 percent of the federal poverty guidelines for state fiscal year 1990 and for children up to age six for state fiscal year 1991.[2]
Acts 1989, 71st Leg., ch. 1219, § 1, at 4939; see generally Hum. Res. Code §§ 11.001 (defining "department" as used in the code to mean the Department of Human Services), 32.021 (naming the department as the state agency designated to administer the medicaid program under chapter 32).
The focus of your concern is the discrepancy between the provisions of section 6401 of Public Law 101-239 and the new subsection (g) of section 32.024 of the Human Resources Code. The federal provision requires in effect that children under age six meeting certain income criteria be covered by a state medicaid plan as of April 1, 1990. The state provision directs the Department of Human Services to extend coverage to children up to age six beginning in fiscal year 1991. You ask whether additional state legislation is necessary in order for the department now to extend coverage under the state plan to children under age six. It is our opinion that no further state legislative action is required in order for the department to thus extend coverage under the state medicaid plan to comport with the new federal requirement.
When subsection (g) was added to section 32.024, directing the department to cover under the medicaid program children up to four years of age in fiscal year 1990 and up to six years of age in 1991, federal law did not yet require such coverage. See42 U.S.C. § 1396a(a)(10), (1) (as amended in 1988) (Supp. 1989 at 525, 541, 547, 552). We think that the purpose of the addition of subsection (g) was to require the department to extend coverage beyond that required by federal law but not to limit the department's authority to later increase such coverage as necessary to comport with subsequently added federal requirements.
The stated purpose of chapter 32 of the code, which provides for the department's administration of the state's medicaid program, is "to provide medical assistance on behalf of needy individuals and to enable the state to obtain all benefits for those persons" authorized under federal law. Hum. Res. Code § 32.001. Significantly, section 32.002(a) provides:
 This chapter shall be liberally construed and applied in relation to applicable federal laws and regulations so that adequate and high quality health care may be made available to all children and adults who need the care and are not financially able to pay for it.
Subsections (a),(b), and (c), of section 32.024, give the Department of Human Services broad authority: (1) to provide medical assistance to persons if the provision of such services is required by federal law as a condition of the state's receiving federal matching funds or if the persons are unable to meet the cost of the services and federal matching funds are available for such purpose, and (2) to establish standards (not lower than the minimum standards required by federal law) governing the scope of coverage under the medicaid program.
It is our opinion that no additional state legislation is needed in order for the department to now extend coverage under the state medicaid plan to children under six years of age so as to comport with federal requirements.[3]
 SUMMARY
Additional state legislation is not required in order for the Department of Human Services to extend coverage under the state medicaid plan to children under age six who meet certain income criteria.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by William Walker Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General
[1] The 71st Legislature also added in 1989 two other provisions denominated as subsections (g) of Human Resources Code section32.024. Acts 1989, 71st Leg., ch. 1085, § 3, at 4439; id. ch. 1107, § 1, at 4595.
[2] The amendments made by section 6401 require that the income eligibility cap be set at not less than 133 percent of the income amounts set under federal poverty guidelines. The 100 percent figure provided for in the new subsection (g) of section 32.024 is a limitation on the minimum rather than the maximum amount and does not, we think, restrict the department from increasing that amount to 133 percent in order to comport with the federal requirement.
[3] Your question concerning the need for additional state legislation may relate to a provision of subsection (c)(2) of section 6401 of Public Law 101-239. Subsection (c) providing in subpart (1) that the section's requirements apply on and after April 1, 1990, provides in subpart (2) that if the U.S. Secretary of Health and Human Services determines legislation, other than that appropriating funds, is necessary to enable the state plan to be brought into conformity with the section's new requirements, the state has until after the next legislative session to bring its plan into conformity. We do not think that the extension provision in subpart (2) will be triggered in the instant situation because we do not think additional state legislation is required in order to permit the Department of Human Services to bring the state plan into conformity with the new federal requirement.